**RODGERS et al. v. PEREZ et al.**

(Circuit Court of Appeals, Ninth Circuit. June 1, 1926.)

No. 4817.

1. **Landlord and tenant** ⬅➡136—"Female breeding stock," as used in ranch lease contract, requiring lessee to retain all such stock on premises, held to mean only those sufficiently matured, or one year old.

The term "female breeding stock," as used in contract leasing a ranch, requiring lessee to retain all such stock on premises, *held* to mean only those sufficiently matured, or one year old.

2. **Landlord and tenant** &#9750;136—*Under ranch lease contract requiring lessee to retain on premises certain number of cows and all female breeding stock, lessee, authorized to sell other marketable stock, had right to sell cows which were less than one year old at time of lease, since number of cows mentioned was only intended to include cows on ranch at date of lease.*

Under lease of ranch requiring lessee to retain on premises 499 cows and all female breeding stock on ranch at time of lease, but authorizing him to sell all other marketable cattle, lessee was authorized to sell cows which were less than one year old at date of lease, although it reduced number to less than 499 head mentioned, since such number was only intended to include cows on ranch at date of lease.

In Error to the District Court of the United States for the District of Nevada; Edward S. Farrington, Judge.

Replevin by Elizabeth A. Rodgers and another against E. A. Perez and others. To review a judgment, granting only part of the relief demanded, plaintiffs bring error. Affirmed.

The plaintiffs in error entered into a contract whereby they leased to a tenant a large cattle ranch for a term of three years and five months, beginning July 1, 1923, and granted to the lessee the power to sell all marketable cattle and live stock then on said ranch or on said range, or belonging to said ranch, or thereafter or during said term raised thereon, but limited the power by the proviso that the lessee should not sell, "but shall keep on said real property the following live stock now on said ranch, to wit: 499 cows (except such as shall be eight years old or shall attain such age), 20 bulls, 71 two year old heifers, 156 one year old heifers; * * * nor shall the lessee sell or incumber, but shall keep on said real property, all heifer calves hereafter and during said term produced on said ranch. * * * The lessee may, when he deems it advisable, sell any of the breeding animals now on said ranch, but he shall replace the same by other breeding stock, in order at all times to keep said ranch properly stocked. All female breeding stock (except such as shall be eight years old or over or shall attain such age) now on said ranch shall remain thereon." The lease was assigned by the lessee with the lessor's consent, and the assignee sold to the defendants in error 295 head of female cattle.

The plaintiffs in error brought in the court below an action in replevin to recover said cattle or their value. There was a written waiver of a jury trial, and the court below made findings of fact and held that the plaintiffs in error were entitled to recover 150 of the cattle, being those which were over one year old at the date of the lease, and awarded the remaining cattle, together with the calves of the same, to the defendants in error, upon the ground that the same were calves at the time of the making of the lease, and not within the restrictions therein specified.

Booth B. Goodman, of Oakland, Cal., for plaintiffs in error.

Thatcher & Woodburn, of Reno, Nev., for defendants in error.

Booth B. Goodman, of Oakland, Cal., KIN, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1, 2] The case is brought here without a bill of exceptions, and the only question presented concerns the proper construction of the lease. It is the contention of the plaintiffs in error that the calves awarded to the defendants in error were within the restriction against selling, which provided that all female breeding stock then on said ranch should remain. The court below gave consideration to the question of the meaning of the term "female breeding stock," and sustained defendants' contention that heifers could not be so classed until they had sufficiently matured to be used for breeding purposes, or one year old, and reasoned that otherwise the term "breeding," as applied in the lease to "stock," was meaningless, and that under the terms of the lease the lessee was empowered to sell or incumber female calves under one year old on July 1, 1923.

We are not convinced that there was error in that conclusion. The plaintiffs in error rely upon the fact that the court found that at the time of the sale the defendants in error knew that there were less than 499 head of cattle on the premises, and knew that the sale, the effect of which would be to reduce the number of cattle left on the ranch below the numbers mentioned in the power clause, was not authorized by the selling power in the lease. But to this it is to be said that there was no restriction upon the power to sell calves then on the ranch, which thereafter during the term of the lease might become cows. The 499 cows mentioned were intended to include all cows on the ranch at the date of the lease.

We find no error. The judgment is affirmed.